## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

REESE P. PARADIS,

    Plaintiff,

                                  Civil Action No. 1:19-cv-3589

v.

THE CBE GROUP, INC.,

    Defendant.

---

## COMPLAINT

---

NOW COMES REESE P. PARADIS, through counsel, SULAIMAN LAW GROUP, LTD. complaining of THE CBE GROUP, INC. as follows:

### NATURE OF THE ACTION

1.     This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     REESE P. PARADIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Grand Junction, Colorado.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      THE CBE GROUP, INC. ("Defendant") is a corporation organized under the laws of Iowa.

7.      Defendant has its principal place of business at 1309 Technology Parkway, Cedar Falls, Iowa 50613.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     Plaintiff obtained wireless services through Cellco Partnership d/b/a Verizon Wireless ("Verizon").

11.     As result of financial hardship, Plaintiff did not pay his Verizon bill.

12.     Plaintiff's Verizon account was subsequently transferred for collection.

13.     In January of 2019, Plaintiff started to receive phone calls from Defendant.

14.     Plaintiff learned Defendant sought to collect $748.00 on behalf of Verizon.

15.     Plaintiff's $748.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.     On multiple occasions, Plaintiff answered.

17.     Each time, Plaintiff explained he is unable to make payment(s).

18.     Each time, Plaintiff additionally instructed Defendant to stop calling.

19.     Regrettably, Plaintiff continues to receive phone calls from number(s) leading back to Defendant – (720) 634-8850.

20.     Specifically, Plaintiff received these phone calls on December 11, 2019, December 12, 2019 and December 17, 2019 among other dates.

21.     All in all, Plaintiff received dozens of these phone calls from Defendant following Plaintiff's request(s) that they stop.

22.     Defendant's phone calls resulted in aggravation that accompanies unwanted phone calls, emotional distress, invasion of privacy, and nuisance.

23.     Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

24.     Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

26.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

27.     Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff in spite of being asked to cease.

28.     Defendant's behavior of continuing to place phone calls in spite of Plaintiff's request(s) to Plaintiff was abusive, harassing, and oppressive.

29.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 18, 2019                     Respectfully submitted,

**REESE P. PARADIS**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com